QUINCE, J.,
dissenting.
I agree that Morgan’s'performance was deficient, but based ■ on Ibar’s failure ■ to establish prejudice, I respectfully dissent from the majority’s decision to grant relief on Ibar’s claim of ineffective assistance of counsel based on Morgan’s failure to procure a facial identification expert.
In order to establish prejudice, a defendant must show “a reasonable probability that ‘but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” Bradley, 33 So.3d at 672 (quoting Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2062, 80 L.Ed.2d 674 (1984)). While a reasonable probability need not be “more likely than not,” Strickland, 466 U.S. at 693, 104 S.Ct. 2052 the likelihood of a different result must be “substantial, not just conceivable.” McQuitter v. State, 103 So.3d 277, 280 (Fla. 4th UCA 2012) (quoting Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)). I conclude that Ibar has not met this burden.
While the majority is concerned that some lay witness identifications were improperly admitted, the jury’s verdict was also based on the proper and compelling trial testimony of Gary Foy. Foy maintained that he saw two men leaving in Sucharski’s vehicle, following behind him out of the neighborhood. Foy got a good look at the passenger who was staring directly at him. Foy described having “real good eye contact,” and identified Ibar as the passenger in Sucharski’s vehicle. Additionally, the State played for the jury the videotape of the murders in which the perpetrator removed a blue t-shirt to expose his face. Jurors were able to decide for themselves whether Ibar was the perpetrator in the video. While the majority is concerned that the DNA from the blue t-shirt was not a match for Ibar, the jury was not. Instead, the jury convicted Ibar. Even if Morgan had secured a different expert, the probability of a different outcome at trial is not substantial.
The majority notes that none of. the experts involved in this case could identify Ibar as- the perpetrator in the State’s videotape with absolute certainty. None of the experts could exclude Ibar as a potential match either.. The expert witness with whom Morgan spoke after Penalver’s trial, Dr. Iscan, only told Morgan that in his opinion, Ibar was less likely than Penalver to be one of the perpetrators in the video. Dr. Falsetti, the expert Morgan failed to retain at trial, did not opine as to whether *1025 the perpetrator in the video could be Ibar. Given the low quality of the video, none of the experts could have offered a conclusive opinion as to the perpetrator’s identity that might have had a substantial effect on the outcome at trial.
Although Ibar’s postconviction expert Raymond Evans opined that it was impossible to say with certainty that Ibar and the perpetrator are the same person, Evans further testified that he coüld not completely exclude Ibar as a potential match because of the general similarities between them and the low quality of the videotape. Evans described Ibar and the perpetrator as having similar bilateral asymmetrical eyebrows and cheek bone widths.' When Evans’ description of the discrepancies is considered against his description of the similarities between Ibar and the perpetrator, the likelihood that the outcome of Ibar’s trial may have been different is. only conceivable, not substantial. Furthermore, the-trial court found Ibar failed to establish that there was any generally accepted scientific field of facial identification at the time of his trial., It is unclear hovy Morgan’s securing such , an expert could have made a difference in the outcome at trial.
The majority is also concerned that this Court’s harmless error analysis on direct appeal regarding the improper identification statements would have been different had Morgan secured a facial identification expert at trial. While the majority may be correct, whether this Court would have made a different determination on appeal has no bearing on prejudice. Prejudice is concerned only with a reasonable probability of a different “result of the proceeding,” which Ibar has failed to demonstrate. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Finally, the majority cites to Penalver’s case for the proposition that “scant evidence” connects Ibar to this murder. • See supra (quoting Penalver, 926 So.2d at 1138). However, this Court was discussing Penalver, not Ibar, in the quoted language. Id, Unlike Ibar, Penalver was not identified by Foy. There was “a wealth of evidence that connected Ibar to this crime and indicated that he was one of the intruders captured on videotape at the scene of the murders,” Ibar v. State, 938 So.2d 451, 463, 466 (Fla.2006). Therefore, the probability of' a different outcome had Morgan retained a facial identification expert is only conceivable at best.
Ultimately, Ibar asks this Court to find a reasonable probability that the outcome of his trial would, have been different had trial counsel, retained a facial identification expert. Because the trial court found that Morgan failed to establish the existence, of any generally accepted scientific field of facial identification, whether he retained such an expert seems to make little difference in Ibar’s case. Ibar has not shown that an expert could have excluded him as a potential match for the perpetrator. Ibar has only shown that trial counsel’s failure creates a conceivable probability that the outcome could have been different.' A conceivable chance of a different outcome does not rise to the requisite level of reasonable probability and is insufficient to warrant a- finding of prejudice under Strickland;-
Although I agree that trial counsel was deficient, I would affirm the trial court’s denial of Ibar’s claim of ineffective assistance of counsel because Ibar has not demonstrated prejudice under Strickland. Accordingly, I dissent.
CANADY, J., concurs.